IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00074-MSK-CBS

JIMMY L. STROZIER,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE, and
JOHN E. POTTER, Postmaster General,

    Defendants.

ORDER REGARDING DEFENDANT'S
MOTION TO STRIKE EXPERT WITNESSES

Magistrate Judge Craig B. Shaffer

    Defendants United States Postal Service and Potter have moved to strike *pro se* Plaintiff Strozier's "expert" designation in the parties' Final Pretrial Order. Strozier indicates in the Final Pretrial Order that Dr. Velma Campbell, M.D., Melinda Mitchell, LCSW, and Sarah Kelly, MSNP, will offer expert testimony concerning his medical conditions, prognosis and restrictions. Defendants motion to strike these expert designations is based upon Plaintiff's failure to comply with his disclosure obligations under Fed.R.Civ.P 26(a)(2) and the parties' Fed.R.Civ.P. 16 scheduling order. Strozier responds that his failure to comply was inadvertent and requests leave to designate experts out of time.

1

By Order of Reference, dated March 4, 2004, this matter was referred to the Magistrate Judge to, *inter alia*, "hear and determine pretrial matters, including discovery and other non-dispositive motions." This court heard oral argument on the Defendants' pending Motion to Strike on July 13, 2005. For the following reasons, Defendants' motion will be denied.

In this case, Plaintiff Strozier alleges that he has been the victim of discrimination on the basis of disability, race, age and gender. It appears that on or about March 25, 2002, Mr. Strozier presented the Postal Service with a request for light duty and a report from the Veteran's Administration stating that he suffered from deteriorating ligaments and degenerative joint disease in his right knee, a lump in his left Achilles tendon, degenerative joint disease in his left knew, lumbar scoliosis, flat feet and back arthritis on his left side. *See* Scheduling Order filed July 15, 2004, at 3. The parties have stipulated that Mr. Strozier received a notice of proposed removal on March 14, 2003, based upon his failure to perform the requirements of his job due to medical inability to perform. *Id.* at 6.

The parties exchanged initial disclosures, pursuant to Fed.R.Civ.P. 26(a)(1), on June 30, 2004. At that time, Plaintiff Strozier identified Campbell, Mitchell and Kelly, but did not indicate they would be offering expert testimony. This court held a Fed.R.Civ.P. 16 scheduling conference with the parties on July 15, 2004. At that time, Plaintiff Strozier indicated he anticipated expert testimony from a single individual, Dr. Michael Hines. Defendants "anticipat[ed] the testimony of an expert in orthopedics and a vocational and physical

rehabilitationist, and a psychologist/psychiatrist." *Id.* at 8.  The scheduling order required the parties to designate affirmative experts on or before October 18, 2004, and to designate rebuttal experts on or before November 19, 2004.  No party designated expert witnesses pursuant to these deadlines.

In moving to strike Plaintiff's expert witnesses, Defendants contend that the Final Pretrial Order provided the first notice that Strozier intended to elicit expert testimony from Campbell, Mitchell and Kelly.  Defendants did not list any expert witnesses in the Final Pretrial Order.

## ANALYSIS

In opposing Defendants' motion to strike his expert designations, Plaintiff asks the court to accept his belated expert designations.  That request implicitly seeks an extension of the disclosure deadlines established in the parties' Rule 16 scheduling order.  Therefore, the court must first look to Rule 16(b), which provides that a scheduling order "shall not be modified except upon a showing of good cause."  *See* Fed.R.Civ.P. 16(b).  This "good cause" requirement reflects the important role a scheduling order plays in the court's management of its docket.  *Cf. Washington v. Arapahoe County Department of Social Services,* 197 F.R.D. 439, 441 (D. Colo. 2000) (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial").  *See also Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril").  The "good cause" standard requires the moving

party to show that despite its diligent efforts, it could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

In addressing violations of Rule 16 and imposing sanctions, however, the court has broad discretion. *Lindsey v. United States*, 693 F. Supp. 1012, 1025 (W.D. Okla. 1988). In exercising its discretion, the trial court should consider the explanation offered by the delinquent party, the importance of the testimony in question, the potential prejudice in allowing the testimony, and the availability of a continuance to cure that prejudice. *See Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). These same factors are applicable to the court's analysis under Fed.R.Civ.P. 37(c), which is addressed later in this Order. At this point, however, I will note that Mr. Strozier has conducted himself in a reasonable manner through the discovery process. I find no indication in the record that Mr. Strozier has attempted to obstruct discovery or frustrate case management. Plaintiff's belated designations have not changed the nature of the claims or the factual issues in dispute. While Defendants have been confronted with new expert designations, they have been aware of these witnesses and general nature of their information for several months. Under the particular circumstances of this case, I will move beyond the failure to comply with Rule 16 and decide Defendants' motion under the parameters of Rule 37(c).

Rule 26(a)(2)(A) explicitly states that "a party shall disclose to other parties the identity of *any person* who may be used at trial to present evidence under Rule 702, 703, or 705 of the

Federal Rules of Evidence."[1] *See* Fed.R.Civ.P. 26(a)(2)(A) (emphasis added). *See also Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D. Md. 1997) (even in the case of a "hybrid" witness who will provide both factual testimony and expert opinions, a party must still disclose that witness' identity under Rule 26(a)(2)(A)). This disclosure obligation must take the form of a signed written report when the expert is "a witness who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involving giving expert testimony." *See* Fed.R.Civ.P. 26(a)(2)(B). The Advisory Committee Notes to Rule 26(a)(2)(B) state that "a treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." *See* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a)(2)(B). Presumably, a written report from a treating physician is not necessary because the treating physician prepares contemporaneous notes documenting his observations, findings and treatment regime. *See Sprague v. Liberty Mutual Ins. Co.*, 177 F.R.D. 78, 81 (D.N.H. 1998). *But see Washington v. Arapahoe County Department of Social Services,* 197 F.R.D. at 441-42 (a treating physician will be required to prepare written report where expert testimony will concern matters not based on his observations during the course of treating the party designating that expert).

---

[1] In particular, Rule 702 provides that "a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *See* Fed.R.Evid. 702.

However, the rationale for timely expert designations does not distinguish between retained and non-retained experts.

> Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. [Defendant] should not be made to assume that each witness disclosed by the [Plaintiffs] could be an expert witness at trial. The failure to disclose experts prejudiced [Defendant] because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony . . . , retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report.

*Musser v. Gentiva Health Services*, 356 F.3d 751, 757-58 (7th Cir. 2004) (internal citations omitted). A party who fails to provide the required expert disclosures may not use at trial any witness not so disclosed, unless the court determines that the failure to disclose was substantially justified or harmless. *See* Fed.R.Civ.P. 37(c)(1). The court remains mindful that exclusion of evidence is an drastic sanction. *Summers v. Missouri Pacific Railroad System*, 132 F.3d 599, 604 (10th Cir. 1997).

It is undisputed that Strozier failed to identify Campbell, Mitchell or Kelly as experts until the Final Pretrial Order. Plaintiff attributes this omission to his lack of legal training as a *pro se* litigant. *See* Plaintiff's Response in Opposition. to Defendants' Motion at 12. Strozier insists, however, that his untimely designation of these experts "would not prejudice the defendants. *See* Plaintiff's Response in Opposition, at 1.

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that where a party fails to

make a disclosure required by Rule 26(a), that party may not use at trial any witness or information not so disclosed, unless the court determines that the failure to disclose was substantially justified or harmless. *See* Fed.R.Civ.P. 37(c)(1). The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995). While Rule 37(c)(1) is written in mandatory terms, it also vests the court with discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or evidence not properly disclosed. *See Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (recognizing that Rule 37(c) vests broad discretion with the trial court). *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that the district court's discretion should be given particularly wide latitude in imposing sanctions under Rule 37(c)(1)); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001) (holding that district courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations).

Sanctions should not be imposed under Rule 37(c)(1) where the failure to disclose was substantially justified or harmless. For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance. *Nguyen v. IBP, Inc.*, 162 F.R.D. at 680. "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to

the party entitled to the disclosure." *Id.*

> The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d at 993.

Applying the *Woodworker's* factors to the record before the court, I conclude that Strozier's failure to comply with his obligations under Rule 26(a)(1)(A) was not substantially justified. There is no question that Plaintiff was aware of the need to designate expert witnesses in a timely manner. In the scheduling order, Plaintiff stated his intention to designate Dr. Hines as an expert witness. Plaintiff also was aware that Campbell, Mitchell and Kelly might have medical or treatment information to support his claims, as evidenced by his June 30, 2004 initial disclosures. In that respect, Dr. Hines also was disclosed as a fact witness in the June 30, 2004 disclosures. It would appear that Plaintiff appreciated that the same witness could provide factual and expert testimony. Given these prior disclosures, I will presume that Defendants were surprised to learn that Campbell, Mitchell and Kelly had been designated as expert witnesses in the Final Pretrial Order. While Plaintiff's *pro se* status may argue against a finding of bad faith or willfulness, it does not excuse his failure to provide timely expert designations.

The issue of appropriate sanctions in this case seems to turn on Defendants' ability to

cure any prejudice and the extent to which Plaintiff's untimely designation may disrupt the trial currently set for September 12, 2005. During the telephone hearing on July 13, 2005, Plaintiff suggested that it would unfair for him to have experts if the Defendants were without experts. Mr. Strozier's spontaneous concession may further reflect his unfamiliarity with the law. Notwithstanding Plaintiff's concession, I will address all of the factors under *Woodworker's*.

As of the scheduling conference on July 15, 2004, Defendants anticipated the possible need for rebuttal experts in the fields of orthopedics, vocational and physical rehabilitation, and psychology or psychiatry. Defendants now presume that "Plaintiff intends to call [Campbell, Mitchell and Kelly] to render opinion in the area of reasonable accommodation and ability to perform essential job functions." Notably missing from Defendants' motion is any claim of, or even reference to, "prejudice" as a result of the untimely designations. From the outset, Defendants have been on notice that Plaintiff's lawsuit raised issues concerning his physical condition and need for reasonable accommodation. Defendants have known for more than a year that Plaintiff had received treatment from Campbell, Mitchell and Kelly, who were disclosed as possible witnesses by Mr. Strozier. *Compare MacDonald v. United States*, 767 F. Suppl. 1295, 1298-99 (M.D. Pa. 1991) (refusing to strike a government expert who had been disclosed as fact witnesses but not as an expert witness; concluded that "it was difficult to conceive of any prejudice suffered by plaintiff that would justify striking" this expert). I note that earlier during the discovery period, Defendants requested and received signed releases to obtain records from

9

Dr. Campbell and Ms. Kelly. Presumably, those documents provided Defendants with sufficient insight into potential testimony and opinions from these individuals to obviate the need for their depositions. It is unclear whether Defendants would need rebuttal experts to address the issue of reasonable accommodation or Mr. Strozier's ability to perform essential job functions. Defendants' motion to strike does not address the extent to which Plaintiff's recent designations would disrupt the trial. However, during the telephone hearing on July 13, 2005, defense counsel indicated that if Defendants' motion to strike was denied, she would request leave to take depositions of the newly designated experts and designate rebuttal experts of her own.[2]

Accordingly, for the foregoing reasons, Defendants' Motion to Strike Expert Witnesses, filed on July 6, 2005 (Document # 46) is DENIED. The court will not strike from Plaintiff's designated experts from the Final Pretrial Order, finding that such an extreme sanction is unwarranted in the absence of any showing that Defendants are unable to cure any prejudice or that Plaintiff's untimely expert designation would disrupt the trial. However, the court cannot ignore Strozier's failure to comply with the parties' scheduling order and the requirements of Rule 26(a)(2). For that violation, a sanction is appropriate. I will permit Defendants to take the depositions of Plaintiff's designated experts prior to trial. Had Strozier made proper disclosures in a timely manner, Defendants would have been in a position to factor that information into their

---

[2]The court notes that Defendants have filed a Motion for Summary Judgment (Document # 35) and a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) (Document #54). These motions remain pending and could well moot the need for the depositions permitted under this Order.

discovery plan and make informed and timely decisions with respect to rebuttal experts. *Cf. Perkasie Industries Corp. v. Advance Transformer, Inc.*, 143 F.R.D. 73, 76-77 (E.D. Pa. 1992) ("[a] party is not permitted to postpone identification of is own witnesses and the substance of their testimony until a critical point in the proceedings at which it will become extremely burdensome for his opponent to prepare effectively to meet them"). The depositions permitted under this Order will place the Defendants in the position they would have enjoyed if the expert disclosures had been provided in a timely manner. Recognizing that additional costs may result from inefficient and last-minute discovery, I will also require, as an appropriate sanction for Plaintiff's failure to comply with disclosure obligations under Rules 26(a)(2), that Strozier pay fees and costs associated with these depositions, up to a maximum of $600 per deposition. Should Defendants conclude that a continuance is also necessary, they should direct that request for relief to the District Court.

DATED this 19th day of August, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge