IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-00074-MSK-CBS

JIMMY L. STROZIER,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE and
JOHN E. POTTER, PMG,

    Defendants.

___

**OPINION AND ORDER GRANTING, IN PART, MOTION TO DISMISS
AND TRANSFERRING CASE**
___

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss **(# 78)**, the Plaintiff's response **(# 79)**, and the Defendants' reply **(# 80)**; and the Plaintiff's Motion to Strike the Reply **(# 81)**, the Defendants' response **(# 82)**, and the Plaintiff's reply **(# 83)**..

## BACKGROUND

The Plaintiff's *pro se* Complaint **(# 3)** alleged various claims of employment discrimination, termination without just cause, conspiracy, and others, all arising from the suspension and termination of his employment with the Defendant Postal Service.

For reasons that are not clear to the Court, the Defendants chose not to address all allegedly defective claims in the Complaint at once, but rather, have mounted successive attacks on discrete portions of the claims. The Defendants first sought **(# 20)** and obtained **(# 31)** dismissal of the Plaintiff's claims of criminal conspiracy and violations of the Americans With

1

Disabilities Act, then later sought **(# 54)** and obtained **(# 73)** dismissal of the Plaintiff's race, sex, and age discrimination claims.[1] The sole claims remaining in this lawsuit are a claim of "hostile working environment," apparently asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and a claim that his suspension and termination were without just cause.

The Defendants now move **(# 78)** to dismiss the hostile working environment claim, on the grounds that the Plaintiff failed to exhaust that claim before the Merit Systems Protection Board ("MSPB"), and to deem the claim for termination without just cause to be an appeal of the MSPB's denial of the Plaintiff's grievance over his termination, reviewable upon the administrative record. The Plaintiff has substantively responded to the Defendants' motion, in which, among other things, he challenges the timeliness of the Defendants' motion. In addition, the Plaintiff has separately moved to strike the Defendants' reply in support of their motion to dismiss, again citing the timeliness of the underlying motion.

## ANALYSIS

### A. Standard of review

A *pro se* plaintiff is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court if can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read

---

[1]The Defendants also sought**(# 35)** and obtained **(# 73)** summary judgment on the Plaintiff's claims for disability discrimination and retaliation under the Rehabilitation Act.

2

the plaintiff's pleadings broadly does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

The Defendants challenge the Court's subject matter jurisdiction over the hostile working environment claim under Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the underlying facts upon which subject matter jurisdiction is based. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *citing Holt v. United States,* 46 F.3d 1000, 1002-03 (10th Cir.1995). Here, the Defendants' motion challenges the sufficiency of the Plaintiff's administrative exhaustion– that is, the facts underlying his claim. Where a Rule 12(b)(1) motion challenges the underlying facts of the case, the Court may not presume the truthfulness of the complaint's factual allegations; rather, the Court has wide discretion to allow affidavits, other documents, and even conduct a limited evidentiary hearing to resolve disputed jurisdictional facts. *Sizova v. National Institute of Standards and Technology*, 282 F.3d 1320,1324 (10th Cir. 2002). In this case, the Defendants have submitted the administrative record of the proceedings before the MSPB, which demonstrate the extent of the Plaintiff's exhaustion efforts. The party asserting the existence of subject matter jurisdiction– in this case, the Plaintiff– bears the burden of proving sufficient subject matter jurisdiction exists. *Montoya v. Chao*, 269 F.3d 952, 955 (10th Cir. 2002).

**B. Timeliness of Defendants' Motion**

The Plaintiff challenges the timeliness of the Defendants' Motion to Dismiss, and moves to strike their reply brief. In its Minute Order **(# 73)** of September 22, 2005, the Court granted the Plaintiff 20 days to file a statement of his claims, and the Defendants had 10 days thereafter to file

3

appropriate motions against those claims. The Plaintiff filed his Statement of Claims **(# 74)** on October 4, 2005. By operation of Fed. R. Civ. P. 6, the Defendants then had 10 business days, beginning from October 5, 2005, to file their motions. The Defendants' Motion, filed on October 18, 2005, was thus timely. Accordingly, the Plaintiff's Motion to Strike is denied.

### C. Exhaustion before the MSPB

A federal employee aggrieved by alleged discrimination and adverse employment actions may elect to either pursue the claim through the MSPB, or to file an EEO complaint with the employing agency. *Coffman v. Glickman*, 328 F.3d 619, 622 (10th Cir. 2003). Where, as here, the employee elects to proceed through the MSPB, he may bring both his discrimination claim and his wrongful discharge claim before the MSPB, and then seek *de novo* review of the MSPB's determination in the federal district courts. *Id.*

Review by the MSPB is an administrative remedy which must be completely exhausted before judicial review can be had. *Id.* at 624. Where the employee abandons the discrimination claim– say, by failing to present evidence in support of it to the MSPB– the employee fails to exhaust the administrative remedy and is barred from obtaining judicial review. *Id.* Exhausting the available administrative remedies is a jurisdictional requirement of a Title VII claim, and the failure to do so requires dismissal of claim. *Jones v. Runyon*, 91 F.3d 1398, 1400 (10th Cir. 1996); *Williams v. Rice*, 983 F.2d 177, 180 (10th Cir. 1993). Thus, the Plaintiff must establish that he fully exhausted his hostile work environment claim by presenting it to the MSPB for consideration.

In his Statement of Claims, the Plaintiff describes his hostile environment claim as involving situations where other employees:

> threaten[ed him], provoked violence by using profanity, tone of voice, and gestures directed at the Plaintiff. . . One employee named David shot rubber bands at the Plaintiff most of the night . . . Another employee tried to provoke a fight with the Plaintiff. . . On another occasion one of the Defendants' supervisor named Jim Odel provoke violence by walk[ing] up to me, grabbing my arm without my permission to touch me, asking in an angry tone of voice ["]what do you want buddy["] then followed me around the building saying ["]get out of my area boy["]. . . Defendants supervisor Jim Odel was constantly harassing me or watching me to see who talked to me so he could tell them to leave.

*Docket* # 74 at 11. The Defendants allege that the Plaintiff failed to exhaust this claim before the MSPB, and thus, is barred from pursuing it here. They have submitted the Plaintiff's appeal from to the MSPB, in which he describes that the agency action he wishes to appeal as "erroneous removal," and explains that "the agency action was done out of malice, reckless indifference, retaliation, discrimination, and conspiracy to injure me for having exercised by constitutional and [civil?] rights against the agency's discriminatory employment practices." In another part of the form, the Plaintiff contends that "the agency discriminated against me based on race, sex, and disability out of retaliation for me exercising my constitutional and civil rights."

Arguably, the Plaintiff's reference to discrimination on the basis of race, sex, or disability could be considered a claim that he was subjected to a hostile working environment on one of those grounds. As the Supreme Court explained in the seminal case of *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 66-67 (1986), harassment of an employee on the basis of a protected classification can be the basis for a claim of discrimination under Title VII. Given that employees typically pursue MSPB proceedings without the assistance of an attorney, the Court is reluctant to require the employee to appreciate the legal differences between a disparate treatment

5

discrimination claim and a hostile environment discrimination claim, much less to abide by those differences when describing the nature of the employee's claim to the MSPB.

However, even if this Court assumes that the Plaintiff alleged a hostile environment claim in his MSPB appeal, it is clear from the record of that appeal that the Plaintiff did not pursue the claim and the MSPB did not rule on it. During the Plaintiff's MSPB hearing on September 3, 2003, the Plaintiff cross-examined Walter Gayle, the Manager of Distribution Operations in charge of the Plaintiff. After extensively exploring issues regarding the Plaintiff's physical ability to perform his job, the Plaintiff appeared to broach the subject of complaints of discrimination he had filed. Specifically, he asked Gayle "Are you award of any EEO complaints that I have filed on management?" *Docket* # 54, Ex. B at 50. The Plaintiff proceeded to ask Gayle about a specific complaint the Plaintiff had filed against supervisor Jim Yodel (sic, presumably Odel) for "violat[ing the Plaintiff's] protected activity." During this colloquy, the MSPB judge interjected, stating that "Mr. Strozier, your problems with . . . your supervisor is not before us in this proceeding. Please move on." *Id.* at 51. Although the judge later invited the Plaintiff to explain why he thought such questions were relevant, the Plaintiff declined to do so. *Id.* at 53-54. Later, when the Plaintiff testified, the judge inquired why the Plaintiff believed his termination was taken in reprisal for the Plaintiff filing discrimination complaints, and the Plaintiff discussed briefly his belief that the Defendants' actions were retaliatory. *Docket* # 54, Ex. B at 134-35. But the Plaintiff did not offer any testimony about any of the acts that he has included in his hostile environment claim. In his closing argument, the Plaintiff stated that he believed the Defendants' actions were "in retaliation and reprisal and pretext," and were "on the basis to help cover up the Agency discriminatory practices," but did not make any mention of any employee shooting rubber

6

bands at him, grabbing his arm, calling him "buddy" or "boy," or otherwise addressing any of the matters in his hostile environment claim. *Id.* at 155-56. Although the MSPB just addressed the Plaintiff's claims of retaliation and disability discrimination in his ruling, that decision contains no discussion and no findings whatsoever with regard to issues described by the Plaintiff as being part of his hostile environment claim. *Docket # 78, Ex. G, H*

It is clear from the record that the Plaintiff presented no evidence of his hostile environment claim to the MSPB. It appears that the Plaintiff may have intended to do so, only to have been told by the MSPB judge that the information was not relevant. But rather than clarify to the judge that the Plaintiff was asserting a hostile environment claim (or a claim of discrimination, or some other similar language) in addition to the termination without just cause issue, the Plaintiff acquiesced, and despite being invited to demonstrate the relevance of his questions concerning his EEO complaints, declined to do so. Ultimately, the MSPB judge did not consider and rule on the Plaintiff's hostile environment claim. *C.f. Coffman*, 328 F.3d at 625 (although the MSPB judge found the discrimination complaints without merit, he did fully consider them). As a result, the purpose of the exhaustion requirement– allowing the MSPB to remedy any discrimination before judicial review is required– was not fulfilled. Accordingly, this Court lacks subject matter jurisdiction over the Plaintiff's hostile environment claim, and that claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[2]

---

[2] In the alternative, the Court would also dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(6), as the claim described by the Plaintiff fails to adequately describe sufficiently hostile behavior that is "because of" the Plaintiff's race, sex, or disability. Of all the incidents described, only the interaction with Odel in which he referred to the Plaintiff as "boy" could be considered to be "because of" the Plaintiff's race, and this single incident is insufficiently severe to state a claim. The Plaintiff does not describe any allegedly harassing conduct that was purportedly "because of" his sex or disability.

**D. Review of the just cause determination**

The sole remaining claim is the Plaintiff's assertion that he was suspended and terminated without just cause. In other words, the Plaintiff is appealing the finding of the MSPB that sufficient cause existed for his termination.

Appeals of substantive, non-discrimination-based MSPB rulings must be brought before the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1). However, cases which assert certain kinds of discrimination claims in addition to disputes as to whether just cause supported the agency's action may be filed in the appropriate District Court on the strength of the discrimination claim[3] 5 U.S.C. § 7703(b)(2). Having dismissed all of the Plaintiff's discrimination claims described in 5 U.S.C. § 7703(b)(2) on jurisdictional grounds as unexhausted before the MSPB, it would appear that this Court lacks subject-matter jurisdiction to consider the remaining claim that the Defendants' actions lacked just cause. *See e.g. Hill v. Department of the Air Force*, 796 F.2d 1469, 1471 (Fed. Cir. 1985) (employee's failure to exhaust a claim of discrimination to the MSPB vests review of the MSPB's decision in the Federal Circuit). The proper approach in this situation appears to be a transfer of the case to the United States Court of

---

[3]The Court notes that 5 U.S.C. § 7703(b)(2) vests jurisdiction in the District Court if the MSPB addressed discrimination under Title VII, the Age Discrimination in Employment Act, or the Fair Labor Standards Act. Here, the MSPB considered the Plaintiff's claims of disability discrimination under the Rehabilitation Act, and the Plaintiff's claims that he was retaliated against for filing complaints of race discrimination, *see Docket* # 78, Ex. F, G, and this Court has granted summary judgment to the Defendants on these claims. Section 7703(b)(2) does not appear to confer jurisdiction on the District Courts where disability discrimination is considered by the MSPB, nor where the employee complains only of retaliation under Title VII. *Compare* 42 U.S.C. § 2000e-16(c) (cited in § 7703(b)(2) (mentioning discrimination based on race, color, religion, sex or national origin) *with* 42 U.S.C. § 2000e-3 (describing discrimination for filing charges as a separate prohibited action). Thus, even though the MSPB reached issues of disability discrimination and retaliation, this does not appear to be sufficient to vest jurisdiction in this Court under the specific statutory text of § 7703(b)(2).

Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631. *See e.g. Hymen v. Merit Sys. Protection Bd.,* 799 F.2d 1421, 1422-23 (9th Cir.1986) (upon District Court's dismissal of discrimination claims, District Court's subject matter jurisdiction is lost and transfer to Federal Circuit is appropriate).

28 U.S.C. § 1631 allows a court without proper subject matter jurisdiction to transfer a case to another federal court having the requisite jurisdiction if the action would have been timely commenced if brought in the proper court at the time it was filed and if such a transfer is in the interests of justice. *Hays v. Postmaster General*, 868 F.2d 328, 331 (9th Cir. 1989). 5 U.S.C. § 7702(b)(1) requires that an action to review a just cause determination be brought in the Federal Circuit within 60 days of employee's receipt of the MSPB's final order. Here, the MSPB issued two orders, one addressing the Plaintiff's suspension, *Docket* # 78, Ex. H, and one addressing the Plaintiff's termination, *Docket* # 78, Ex. G. According to its text, the order addressing the Plaintiff's termination became final on December 8, 2003. The order addressing the Plaintiff's suspension became final on December 5, 2003. The Plaintiff commenced this action in this Court on January 6, 2004 by filing a Motion to Proceed *In Forma Pauperis* (**# 1**), and filed a Complaint (**# 3**) on January 14, 2004. Thus, had the Plaintiff initially commenced this action in the Federal Circuit, he would have done so timely. The Court further finds that the interests of justice warrant transfer. Proceeding *pro se*, the Plaintiff may have been unaware of the consequences of his failure to exhaust his discrimination claims, or may have been confused by the applicability of § 7703(b)(2) to the MSPB's determination of his Title VII retaliation claim, *see* n. 3, *infra.*, and in either case, incorrectly concluded that the case belonged in the District Court. Transfer of this case to the Federal Circuit will allow him to obtain review of the just cause determination of the

9

MSPB, notwithstanding his efforts to pursue unexhausted discrimination claims. Accordingly, the Court will transfer this case to the United States Court of Appeals for the Federal Circuit for review of the MSPB's conclusion that his suspension and termination were without just cause.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Strike **(# 81)** is **DENIED**. The Defendants' Motion to Dismiss **(# 78)** is **GRANTED IN PART**, insofar as the Plaintiff's hostile work environment claim is dismissed for lack of subject matter jurisdiction as unexhausted, and **DENIED IN PART**, insofar as the Court declines to set a briefing schedule regarding the Plaintiff's claim that he was suspended and terminated without just cause. Pursuant to 28 U.S.C. § 1631, the sole remaining issues in this case– review of the MSPB's determinations on non-discrimination issues– are **TRANSFERRED** to the United States Court of Appeals for the Federal Circuit. The Clerk of the Court shall transmit the entire file in this case to the Clerk of the Court for the Federal Circuit, and shall close this case.

Dated this 9th day of January, 2006

                                                      **BY THE COURT:**

                                                      */s/ Marcia S. Krieger*

                                                      Marcia S. Krieger
                                                      United States District Judge